UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAS SURETY GROUP,<br><br>  Plaintiff,<br><br>v.<br><br>TINKER ELECTRICAL CORPORATION<br>and WILLIAM F. TINKER,<br><br>  Defendants. | Civil Action No. 04-10459MLW |

## PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT

Plaintiff NAS Surety Group ("NAS") hereby requests, pursuant to Fed. R. Civ. P. 55(b)(1), that this Honorable Court enter default judgment against Defendants Tinker Electrical Corporation and William F. Tinker. Because this request calls for the payment of a sum certain in the amount of $659,460.91, as established by the Affidavit of Jeffrey Goldberg filed contemporaneously herewith, entry of judgment may be made by the Clerk. As grounds for this request, NAS states as follows:

1.   The Summons, along with a copy of the Complaint, was served upon Defendant William Tinker on March 27, 2004, by delivery of same in hand, as appears from the officer's return which is on file with the Court.

2.   The Summons, along with a copy of the Complaint, was served upon Defendant Tinker Electrical Corporation on March 27, 2004, by delivery of same in hand to William Tinker, agent in charge at the time of service for Tinker Electrical Corporation, 39 Davis Road, Belmont, MA 02478, as appears from the officer's return which is on file with the Court.

3.   Defendants Tinker Electrical Corporation and William Tinker (collectively "Defendants") have not appeared in this action, and have failed to plead or otherwise defend in

response to the Complaint.

4. By Order dated June 25, 2004, the Court entered the Default of Defendants pursuant to NAS's request.

5. Defendant William Tinker is not a minor or incompetent person, nor (to the best of NAS's knowledge and belief) is Defendant William Tinker a person in the military service as defined by Article I of the Soldier's and Sailor's Civil Relief Act of 1940.

6. Defendant Tinker Electrical Corporation is not a minor or incompetent person, nor (to the best of NAS's knowledge or belief) is Defendant Tinker Electrical Corporation a person in the military service as defined by Article I of the Soldier's and Sailor's Civil Relief Act of 1940.

7. On or about February 28, 2001, Defendants executed a General Agreement of Indemnity ("GAI"). A true and correct copy of the GAI is attached as Exhibit A to the Affidavit of Jeffrey Goldberg ["Goldberg Aff."] filed contemporaneously herewith.

8. As a direct and proximate result of Defendants executing the GAI, and in reliance thereon, NAS, as surety, issued payment and performance bonds (collectively "the Bonds") on behalf of Defendant Tinker Electrical Corporation as principal, for work to be performed on the following projects: (1) Carroll Elementary School ("Carroll Project"); (2) Wayland Public Safety Project ("Wayland Project"); and (3) Pierce Elementary School ("Pierce Project") (collectively "the Projects").

9. NAS has received and paid claims on the Bonds in the amount of $575,125.87. See Goldberg Aff. at ¶13. NAS has recovered $325.00 of this amount. Id.

10. Based on the foregoing, NAS has sustained a loss in the principal amount of $574,800.87 and, to date, has incurred a total of $84,358.61 in attorneys' fees, costs and expenses. NAS also has unbilled attorneys' fees of $301.43. The total loss incurred by NAS as

of the date of this Request is $659,460.91. Id. NAS anticipates sustaining additional losses in the form of attorneys' fees, costs and expenses in further prosecuting this action, all of which are recoverable under the specific terms and conditions of the GAI.

11. The GAI (¶6) provides that Defendants "will indemnify [NAS] and hold it harmless from and against all liability, losses, costs, damages, attorneys' fees, disbursements and expenses of every nature which [NAS] may sustain or incur by reason of, or relating to, having executed or procured the execution of any such BOND, or that may be sustained or incurred by reason of recovering any salvage or enforcing any provision of this Agreement."

12. In accordance with its rights under the GAI, NAS has made demand upon the Defendants for indemnification of the claims referenced above. Defendants have failed to comply.

WHEREFORE, NAS respectfully requests that this Honorable Court enter a Default Judgment pursuant to Fed. R. Civ. P. 55(b)(1) against Defendants Tinker Electrical Corporation and William Tinker, jointly and severally, in the form attached as Exhibit A hereto, together with interest and costs, and prays for such other and further relief as this Honorable Court deems just and proper.

    Respectfully submitted,

    NAS SURETY GROUP
    By its attorneys,

    /s/ CharCretia V. Di Bartolo
    _____
    Bradford R. Carver, BBO #565396
    CharCretia V. Di Bartolo, BBO #560051
    Paula-Lee Chambers, BBO# 566888
    CETRULO & CAPONE, LLP
    Two Seaport Lane
    Boston, MA 02210
    (617) 217-5500
    (617) 217-5200 (fax)

of the date of this Request is $659,460.91. Id. NAS anticipates sustaining additional losses in the form of attorneys' fees, costs and expenses in further prosecuting this action, all of which are recoverable under the specific terms and conditions of the GAI.

11. The GAI (¶6) provides that Defendants "will indemnify [NAS] and hold it harmless from and against all liability, losses, costs, damages, attorneys' fees, disbursements and expenses of every nature which [NAS] may sustain or incur by reason of, or relating to, having executed or procured the execution of any such BOND, or that may be sustained or incurred by reason of recovering any salvage or enforcing any provision of this Agreement."

12. In accordance with its rights under the GAI, NAS has made demand upon the Defendants for indemnification of the claims referenced above. Defendants have failed to comply.

WHEREFORE, NAS respectfully requests that this Honorable Court enter a Default Judgment pursuant to Fed. R. Civ. P. 55(b)(1) against Defendants Tinker Electrical Corporation and William Tinker, jointly and severally, in the form attached as Exhibit A hereto, together with interest and costs, and prays for such other and further relief as this Honorable Court deems just and proper.

          Respectfully submitted,

          NAS SURETY GROUP
          By its attorneys,

          /s/ CharCretia V. Di Bartolo
          _____
          Bradford R. Carver, BBO #565396
          CharCretia V. Di Bartolo, BBO #560051
          Paula-Lee Chambers, BBO# 566888
          CETRULO & CAPONE, LLP
          Two Seaport Lane
          Boston, MA 02210
          (617) 217-5500
Dated: August ___, 2004    (617) 217-5200 (fax)